Case 6:20-mj-06146-GEB   Document 1   Filed 11/02/20   Page 1 of 6

FILED
U.S. District Court
District of Kansas

11/2/2020

Clerk, U.S. District Court
By_____AA_____Deputy Clerk

# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**                **Filed Under Seal**

        Plaintiff,

        v.                                           **CASE NO. 6:20-mj-06146-GEB**

**ALLEN E. STANDISH,**

        Defendant.

## CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

### COUNT ONE
### 18 U.S.C. § 922(g)(3) AND 924(a)(2)

On or about the 27th day of October, 2020, in the District of Kansas, the defendant,

ALLEN E. STANDISH

knowing that he was an unlawful user of a controlled substance, as defined in 21 U.S.C. Sec. 802, did knowingly possess a firearm, that is a, Spike's Tactical, model ST15, multi-caliber, rifle bearing serial number NSL-120501, which had modified to function as a

machinegun, said firearm having been shipped and transported in interstate commerce; in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

I further state that I am a Special Agent of the Bureau Alcohol, Tobacco, Firearms and Explosives (ATF), and that this Complaint is based on the following facts:

See accompanying Affidavit, which is incorporated by reference as though set out in full herein, and offered in support of a finding that probable cause exists to believe the defendant, Allen E. Standish, committed the offense set forth in this Complaint.

Neal ~~Neil~~ D. Tierney
Special Agent
ATF

Sworn to before me and subscribed in my presence this 2nd day of November, 2020, at Wichita, Kansas.

After reviewing this Complaint and the accompanying Affidavit, there is probable cause to believe that defendant, Allen E. Standish, committed the offense set forth in this Complaint.

Gwynne E. Birzer
United States Magistrate Judge

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR COMPLAINT

I, Neal D. Tierney, being duly sworn, depose and state the following:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) charged with investigating crime and allegations of crime involving alcohol, tobacco, firearms, explosives and arson and have been so employed since November of 2000. Prior to holding this position, I was an ATF Inspector charged with regulating the industries involving alcohol, tobacco, firearms and explosives until becoming a special agent since 1993. Prior to holding this position, I was a clerk in the National Firearms Act (NFA) Branch for ATF in Washington, DC processing and reviewing forms used for registering firearms in the National Firearms Registration and Transfer Record (NFRTR) since 1992. I am a graduate of the ATF National Academy Special Agent Basic Training Program, the Federal Law Enforcement Training Center (FLETC) Criminal Investigator Training Program (CITP) and the ATF Inspector Basic Training Program. I also hold a Bachelor's Degree in Management from the Appalachian State University. I have participated in specialized training related to firearms, firearms trafficking investigations, narcotics investigations and all manners of explosive material investigations. As a Special Agent with ATF, I have conducted and/or participated in investigations involving alcohol, tobacco, firearms, explosives, arson, controlled substances, contraband cigarette trafficking, fraud and money laundering. I have written and executed numerous Federal arrest and search warrants. I have participated in the execution of numerous search warrants, both state and Federal, including search warrants relating to the illegal use, possession and trafficking of firearms, the illegal use and possession of explosives and the illegal use and possession of controlled substances. I have conducted and/or participated in investigations resulting in the seizure of contraband, including firearms, explosives, narcotics, currency, vehicles, real estate and bank accounts. As an Inspector with ATF, I have conducted hundreds of firearms and explosive inspections with industry members who are regulated by ATF.

## **PROBABLE CAUSE**

2. The information contained within this Affidavit is based on personal investigation and on information provided by other law enforcement officers. The information set forth in this Affidavit is for the limited purpose of establishing probable cause and, therefore, may not include all of the information collected during this investigation.

3. From speaking with agents and investigators involved in this investigation, reviewing written reports regarding this investigation and from my personal involvement in this investigation, I know the following:

   a. Allen E. STANDISH reported his finding of his father deceased on morning of October 13, 2020 to the Stafford County Sheriff's Department SCSD). SCSD officers responded to the residence of 898 NW 160th Street, St. John, Kansas. SCSD officer found Robert E. Standish deceased from an apparent gunshot wound which entered through Mr. Standish's lower chin/neck area and exited through the top of his head.

   b. On October 24, 2020, your affiant knows that Barton County Sheriff's Department (BCSD) Detective Sergeant, David Paden, who is also a Stafford County Reserve Deputy, was asked to assist in the investigation into the suspicious death of Robert E. Standish.

   c. Det./Sgt. Paden reviewed reports previously prepared by SCSD and developed persons who had information relevant to his investigation. These interviews disclosed cellular telephone calls and text messaging to and from Allen E. STANDISH that were potentially relevant to his investigation. On October 22, 2020, Det./Sgt. Paden applied for and was granted a search warrant for a cellular telephone from Allen E. STANDISH.

   d. STANDISH's IPhone cellular telephone was downloaded and identified multiple items of concern to Det./Sgt. Paden. Specifically, there were concern's about STANDISH's mental state, recklessness, disclosed various states of narcotics use and his use and possession of multiple illegal firearms.

4. On October 24, 2020, Det./Sgt. Paden contacted SA Tierney and provided him with videos showing STANDISH firing several kinds of firearms. SA Tierney viewed these videos and identified at least four (4) videos that showed a person (presumed to be STANDISH) shooting these four (4) firearms. SA Tierney identified that all four (4) videos showed each firearm firing as a machinegun (single pull of the trigger firing more than one (1) ammunition cartridge). The fifth video showed the firing of a 1911 style pistol with a firearm silencer attached.

5. On the afternoon of October 24, 2020, SA Tierney made a query of the National Firearms Registration and Transfer Record (NFRTR) and found that Allen E, STANDISH had three (3) silencers registered to him but

nothing else; no machineguns, no short barreled rifles or short barreled shotguns.

6. On October 25, 2020, Det./Sgt. Paden applied for and was granted a search warrant for the residence of Allen E. STANDISH located at 1331 NW 80th Avenue, St. John, Stafford County, Kansas. This search warrant was executed on October 27, 2020 and approximately 89 firearms were seized. One silencer, having no markings, was found inside STANDISH's 2009 Corvette parked in the driveway in front of the detached garage/shop along with ammunition and marijuana.

7. On October 29, 2020, ATF Special Agents Neal Tierney and Justin Sprague traveled to Great Bend, Barton County, Kansas and examined all firearms seized during the execution of the search warrant. SAs Sprague and Tierney identified seven (7) homemade silencers, bearing no serial numbers, model numbers, caliber markings nor and "Made in Kansas" markings. SAs Tierney and Sprague further identified twelve firearms modified to fire as machineguns (this number is subject to change with laboratory examination and test firing. SAs Tierney and Sprague further identified four (4) short barreled rifles and one (1) short barreled shotgun.

8. SA Tierney knows that at least 10 separate containers of marijuana were found and seized inside both the residence and detached garage/shop on the property of 1331 NW 80th Avenue, St. John, Stafford County, Kansas. There were also numerous drug use paraphernalia found in both of these locations to include bongs, rolling papers, grinders and other storage containers for narcotics. Narcotics seized and now submitted to KBI for testing include approximately 25 grams of suspected marijuana, less than a gram of a crystalline substance that field tested positive for methamphetamine and another granular substance that field tested positive for either heroin or morphine. These items were found in the main residence, the trap house and inside the garage/shop.

9. SA Tierney knows that an interview was conducted by Det./Sgt. Paden with Allen E. STANDISH, on October 27, 2020, in which STANDISH stated he was and has been an avid marijuana user. SA Tierney knows from an interview with Taylor Sharkey on October 29, 2020, STANDISH's previous girlfriend with whom he shared a residence in the state of Oklahoma, stated that STANDISH smokes marijuana approximately 12 time a day. Ms. Sharkey further stated that she knows that STANDISH manufactured machineguns and silencers inside the garage/shop located on the 1331 NW 80th Avenue in St. John, Kansas.

10. One of the firearms seized during the search of the defendant's residence was a Spike's Tactical, model ST15, multi-caliber rifle, bearing serial number NSL-120501, which the defendant had modified to a machinegun. The frame for this firearm was manufactured in the State of Illinois and was then shipped to Spikes Tactical in the State of Florida, before it was transported the defendant's residence in the State of Kansas. Said firearm traveled in interstate commerce to reach the State of Kansas.

## CONCLUSION

Based on the foregoing, it is my opinion that there is probable cause to believe that Allen Standish has violated 18 U.S.C., 922(g)(3) – It shall be unlawful for any person who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act 21 U.S.C., 802) to ship or transport in interstate of foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate commerce or foreign commerce.

It is further the opinion of this affiant that there is probable cause to believe that there is evidence and documentation of violations of 26 U.S.C., 5681(d) - It shall be unlawful for any person to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record (NFRTR).

_____
Neal D. Tierney
ATF Special Agent

Subscribed and sworn to before me this 2ND day of November 2020.

_____
GWYNNE E. BIRZER
United States Magistrate Judge

4